SANTIAGO ET AL., PLAINTIFFS AND APPELLEES, *v.* SANTIAGO ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action of Ejectment.

No. 2054.—Decided December 14, 1920.

JUDGMENT—ANSWER—NEW MATTER.—A judgment is not necessarily erroneous because in sustaining the complaint on the evidence no reference was made in the judgment, nor in the opinion, to the new matter set up in the answer, for the judgment for the plaintiff tacitly held that the defendants did not prove the new matter set up in the answer.

EVIDENCE—PRIVATE DOCUMENT.—According to subdivisions 2 and 4 of section 35 of the Law of Evidence the court may admit in evidence an authenticated private document wherein the ancestor of the plaintiffs stated two days after purchasing the rural property now sued for by the plaintiffs and one day after having recorded it in the registry, that the deed of purchase and sale was an understanding between the parties; that from that moment he delivered the property to the vendor, binding himself to return the deed and reconvey the property to her before a notary when she should so demand, and that if he should die without leaving this trust to any person he wished it to be done for him by the person to whom in law and right it should correspond to represent him; but a private document wherein, two months

after the death of the ancestor of the plaintiffs, his widow admittted the simulation of the deed whereby her husband acquired the said property, is not admissible in evidence.

EJECTMENT—SIMULATED SALE.—It being indispensable that the plaintiff in an action of ejectment should be the owner of the property sued for and it having been provided in this case that the ancestor of the plaintiffs was not the owner of the property sued for because he acquired it simulatedly, inasmuch as the sale was made without a consideration and the vendee did not take possession of the property, it is necessary to conclude that the plaintiffs can not recover it in ejectment, for their father was estopped from denying the simulated character of the purchase and sale.

The facts are stated in the opinion.

*Mr. J. Tous Soto* for the appellants.

*Mr. L. Tormes* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The children and heirs of Portalatín Santiago Galarza brought an action of ejectment against the children and heirs of their uncle, Gregorio Santiago Galarza, and against his widow, Ana María Torres, to recover two properties situated in the ward of Yayales of Adjuntas, one of five acres and the other of eleven and a half acres, and also the mesne profits. They alleged that at the time of his death on February 9, 1908, their father was the owner in fee simple of these two properties and that in the partition of his estate by a deed of November 7, 1908, the said properties were conveyed to Gregorio Santiago Galarza in payment of a debt of five hundred dollars without the authorization of court, notwithstanding the fact that the plaintiffs were then minors.

The defendants substantially admitted all of the facts alleged in the complaint, but set up as new matter of defense in their answer that Portalatín was never the owner of the said properties, for although they appear to have been sold to him by Ana María Torres and her husband, Gregorio Santiago Galarza, by a deed of December 27, 1901, the fact is that the said sale was made without a consideration and was simulated; that the supposed grantee never took possession of the properties and executed a counter-document wherein he stated the real facts, and that the conveyance was

made for the sole purpose of restoring the title to the properties to Gregorio and his wife. They further alleged that in 1908 no authorization of the court was necessary for making conveyances in payment of debts in the partition of an estate, according to the interpretation of the courts of that time, and that the recovery of mesne profits was barred by limitation.

After a trial judgment was entered to the effect that the said conveyance was null and void; that the record thereof in the registry of property should be canceled; that the defendants should give the plaintiffs possession of the properties, and that the defendants should pay for the profits received since the date of the filing of the complaint, without special imposition of costs.

From that judgment the defendants took the present appeal, the first two assignments of error being as follows:

1. The court erred in not considering the issues raised by the answer as new matter of defense, notwithstanding the specific plea to that effect.

2. The court erred in sustaining the complaint on the ground that the evidence supported its allegations and in *ignoring* absolutely the allegations of the answer which did not controvert those of the complaint, but contained additional allegations which, if true, defeated the cause of action of the plaintiffs.

The appellants argued these two assignments together and we shall so consider them.

As in its opinion on which the judgment is based the trial court held only that the facts alleged in the complaint had been established and did not refer to the new matter of defense set up in the answer, the appellants understand that the court ignored the questions raised by them.

We can not agree with the appellants that the court committed these errors, for in holding by its judgment that the conveyance in payment of the debt was a nullity and order-

ing the restitution of the properties to the plaintiffs, it decided the questions raised by the defendants, because the judgment would not have been rendered in these terms if the court had found that when he died Portalatín was not the owner of the properties for the reason that his purchase from the parents of the defendants was simulated and without a consideration and that the sole purpose of the conveyance made in the partition of the estate was to restore the title to the properties to their real owners, the spouses Gregorio and Ana María. Although it is true that the opinion of the court was silent regarding these matters, that does not affect the efficacy and validity of the judgment, for appeals are taken from judgments and not from the opinions on which they are based. Besides, in stating in the opinion that the plaintiffs had proved their averments, among which was one that when he died their father was the owner of the properties in fee simple, the court tacitly held that the defendants did not prove that he was not such owner because his purchase was simulated and without consideration, or that the sole purpose of the conveyance was to restore the title of ownership to the parents of the defendants.

The appellants argued together assignments three, four and six, but we think that these and the others may be considered at the same time, since they are derived from the evidence and are closely related to each other. They are as follows:

"3rd. The court erred in annulling the conveyance made in the partition under the rule laid down in the case of *Longpré* v. *Díaz,* because that case is not in point and because if the conveyance was not valid as such it was valid as a restitution to Gregorio Santiago of what lawfully belonged to him. If in fact there was no alienation, the court could not adjudge null and void an alienation which never existed.

"4th. The court erred in holding that the deed of sale of December 27, 1901, was sufficient to pass title to the ancestor of the plaintiffs, inasmuch as it was simulated and without a consideration.

"5th. The court erred in holding that the mere execution of the deed, without delivery of possession, vested any ownership right in the ancestor of the plaintiffs.

"6th. The court erred in not giving full weight to the other document signed by the parties when the contract of purchase and sale was made, stating that the latter was simulated and without a consideration.

"7th. The court erred in not giving proper weight to the admission made by the widow of the ancestor of the plaintiffs, Ramona Rodríguez, who is also the lawful representative of the plaintiffs, that the property in question belonged to the ancestor of the defendants, and to the agreement to restore it to the said ancestor, Gregorio Santiago Galarza.

"8th. The court erred in refusing to admit in evidence the testimony of Pelegrín López de Victoria, Modesto Roca and attorney José F. Fernández Coronas, tending to prove the admission by the widow of Portalatín Santiago that the properties in suit were not his, but belonged to Gregorio Santiago y Galarza, and to explain why the properties were conveyed to the latter in the deed of partition."

Portalatín Santiago Galarza was not married, but lived in concubinage with Ramona Rodríguez, known as Ramona Velázquez, who bore him nine children. These children were legitimated by the marriage of their parents in the year 1905. Before that date, or by a public deed of December 27, 1901, executed before notary Solís of Yauco, he purchased from Ana María Torres and her husband, Gregorio Santiago Galarza, one property of 11½ acres, which Ana María Torres had inherited from her father, and another of 5 acres, which her husband had purchased, both situated in the ward of Yayales of Adjuntas, and on the following day this sale was recorded in the Registry of Property of Ponce. Two days after the date of the deed and one day after it was recorded in the registry of property, a private document was executed wherein, according to its general terms, Portalatín Galarza, whose real name is Portalatín Santiago Galarza, stated that a deed executed on December 27 of that year

before the notary of Yauco and recorded in the Registry of Property of Ponce on the 28th of the same month, for the sale of a property in the municipality of Adjuntas, signed by the spouses Olivio Santiago and Anita Torres, was for value understood between the three, and that from that moment he delivered the said property to Anita for herself or her children, binding himself to return the deed and reconvey the property to her before a notary when she should so demand, and that if he should die without designating anyone to perform this act, he wished it to be done for him by the person who in law and right should represent him.

As Portalatín Santiago Galarza could not write, one of the witnesses signed for him at his request. There were other witnesses to the document, the genuineness of which has been established by the defendants and even by witnesses for the pliantiffs. It was also shown that although one property was referred to, this property was made up of the two properties which Ana María Torres and her husband had sold to him some days before, for he expressly mentioned the date of the deed, the notary of Yauco (there was only one at the time) and the date of its record. As to the name Olivio Santiago, undoubtedly the reference was to Gregorio Santiago, who was the husband of Anita or Ana María.

Among the evidence there is also another private document wherein, two months after the death of her husband, Portalatín Santiago, and seven months before the partition of his estate, Ramona Rodríguez declared that when her husband died there was recorded in his name in the Registry of Property of Ponce a property of 17½ acres, composed of two parcels of 5 and 11½ acres respectively; that these properties were returned to Ana María Torres, the wife of Gregorio Santiago, by a private document in their possession, for which reason when she made the declaration of the death of her husband as required by law, she stated that although the said property was recorded in the name of the

deceased, it was not his in fact, but belonged to Ana María Torres. This declaration was accepted by Gregorio Santiago in the same document, and he stated that the expenses of the deed of reconveyance to his wife would be charged against her. Further on in the same document Ramona Rodríguez stated that she was willing to reconvey the property as soon as the corresponding formalities were complied with.

Some months thereafter, or on November 7, 1908, the deed of partition of the estate of Portalatín Santiago was executed and Gregorio Santiago Galarza was a party to it for the purpose of accepting the conveyance of the said two properties to him by the widow of Portalatín in payment of a credit which he was made to appear as having against the deceased for the sum of five hundred dollars. There was no authorization of court for the conveyance and it was recorded in the Registry of Property of Ponce in that form.

Although the plaintiffs objected to the admission in evidence of the private document executed by Portalatín, it was admitted by the trial court and we can take it into consideration, for under subdivisions 2 and 4 of section 35 of the Law of Evidence it is admissible against the person whom the plaintiffs, as heirs, represent, inasmuch as it contains a statement made by that person against his own interest regarding his properties, and because Portalatín is dead. In the case of *Aponte et al. v. Garzot et al., ante,* page 586, we held a similar document to be admissible.

Hence, considering that document, we must conclude that the sale made by the parents of the defendants on December 27, 1901, to Portalatín Santiago was simulated and without a consideration; therefore, when he died he was not, at least as between the parties, the owner in fee simple of the said two properties and they could not descend to his heirs, the plaintiffs. And inasmuch as one of the requisites for maintaining an action of ejectment is that the plaintiff is the owner of the property sued for, and as Portalatín San-

tiago, who was not the owner of the properties, could not transmit them to his heirs, they therefore did not acquire them by inheritance and can not recover them in ejectment, for their father was estopped from denying the simulated character of the supposed purchase made by him on December 27, 1901. The case of *Aponte et al.* v. *Garzot et al., supra,* is quite similar to this case. For these reasons the trial court committed the errors assigned under numbers 6 and 4 in not giving that document the proper weight and in holding that the deed of December 27, 1901, conveyed the dominion title to the father of the plaintiffs.

In view of the foregoing conclusion it is unnecessary to consider whether or not there was a physical delivery of the properties, particularly as Portalatín admits possession by the parents of the defendants, as alleged in the fifth assignment.

The appellees also objected to the admission in evidence of the private document executed by the widow of Portalatín a short time after his death.

We really think that this private document was not admissible in evidence, for Ramona Rodríguez is not a party to this action and was not called as a witness at the trial. But discarding this document, the private document signed by Portalatín is sufficient to prove that he was not the owner of the properties. Consequently the court did not commit the seventh error assigned, consisting in not giving that document the proper weight, nor the eighth, in refusing to admit testimony tending to show other admissions of Ramona Rivera that the properties did not belong to Portalatín, but to Gregorio Santiago.

Therefore, Portalatín Santiago not being the owner of the properties when he died, because the deed of purchase and sale was simulated and without a consideration, the plaintiffs have no cause of action to recover them in ejectment,

and for that reason their conveyances to Gregorio Santiago Galarza must be adjudged null and void.

For all of the foregoing reasons the judgment appealed from must be reversed and another entered adjudging that the deed executed on December 27, 1901, before notary Solís of Yauco, whereby Gregorio Santiago Galarza and his wife, Ana María Torres, sold the said properties to Portalatín Santiago Galarza; the conveyance of the properties to Gregorio Santiago Galarza in the deed of partition executed on November 7, 1908, before notary Fernández Coronas, and the records of both documents in the Registry of Property of Ponce are all null and void and the plaintiffs have no right to recover for mesne profits, with the costs against the plaintiffs.

*Reversed.*

Justices Wolf, del Toro and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.